CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED
AUG 2 5 2005
JOHN F CORCORAN, CLERK
BY
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ROBERT CLARENCE MARTIN,<br>Petitioner, | Civil Action No. 7:04-cv-00657 |
| v. | MEMORANDUM OPINION |
| JACK LEE,<br>Respondent. | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Petitioner, Robert Clarence Martin, a Virginia inmate proceeding pro se, brings this action, a petition for a writ of habeas corpus, pursuant to 28 U.S.C. §2254. Martin was convicted of rape and abduction in the Circuit Court of Shenandoah County on February 13, 2001. Martin was sentenced to 30 years for the rape conviction and five years for the abduction conviction. (CR00-29 and CR00-28).

The respondent has filed a motion to dismiss the petition for a writ of habeas corpus. The court notified Martin of the respondent's motion as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Martin filed a response to the respondent's motion, thus making the matter ripe for disposition. Upon review of the record, I am of the opinion that the motion to dismiss must be granted.

## I. Procedural Background and Claims Stated

Martin appealed his convictions to the Court of Appeals of Virginia, which denied his appeal on September 24, 2001. (Record No. 0462-01-4). Martin then appealed to the Supreme Court of Virginia and that appeal was denied on April 2, 2002. (Record No. 012336).

Martin then signed his first petition for writ of habeas corpus in the Circuit Court of Shenandoah County on May 29, 2002 which was subsequently denied on October 31, 2002. (Circuit Court No. CL02-80). Petitioner filed a notice of appeal on November 14, 2002 but that appeal was never perfected.

Petitioner then filed a second petition for writ of habeas corpus on February 4, 2003 in the Supreme Court of Virginia which was denied on October 6, 2003 (Record No. 030561).

1

Martin attacks the validity of his conviction in this petition and specifically alleges:

    A. The trial court erred in overruling the motion to strike because the witness was inherently incredible.

    B. False statements, perjury, and fabricated evidence.

Respondent asserts that Martin's petition is time barred. After reviewing the record, I find that there is no genuine issue of material fact and the respondent is entitled to judgment as a matter of law.

## II. STATUTE OF LIMITATIONS PURSUANT TO 28 U.S.C. § 2244(d)

Respondent argues that the petition must be dismissed as untimely under the one-year statute of limitations now applicable to §2254 petitions. See 28 U.S.C. § 2244 as amended in 1996 by the Anti-terrorism and Effective Death Penalty Act (AEDPA). The limitation period for filing a §2254 petition concerning a specific state court judgment begins to run from the latest of four possible dates:

> The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§2244(d)(1)(A - D).

Calculation of timeliness under §2244(d)(1)(A) is based on the date on which Martin's convictions became final, when he exhausted all available avenues for direct appeal. See United States v. Clay, 537 U.S. 522 (2003).

Martin was convicted on February 13, 2001 and the Supreme Court of Virginia denied his appeal on April 2, 2002. Martin then had ninety days from the denial in the Supreme Court of Virginia to file a petition for certiorari with the United States Supreme Court. Martin did not pursue a petition with the United States Supreme Court, therefore his state court conviction

became final on July 1, 2002, ninety days after the Supreme Court of Virginia denied his appeal. See 28 U.S.C. §2244(d)(1)(A). Martin's period to file a §2254 petition began running on July 1, 2002. This one year time period is subject to tolling during state habeas proceedings.

Petitioner first entered a writ of habeas corpus on May 29, 2002 which was denied on October 31, 2002. Petitioner filed his notice of appeal on November 14, 2002 but never perfected this appeal; as such, petitioner is entitled to tolling from May 29, 2002 to November 14, 2002, which is 169 days. See Allen v. Mitchell, 276 F.3d 183 (4th Cir. 2001). Petitioner subsequently filed a second petition for writ of habeas corpus on February 4, 2003. The Supreme Court of Virginia denied the petition on October 6, 2003. Martin is entitled to tolling during the pendency of his second petition for 244 days.

When these time periods are combined the petitioner is entitled to 413 days of tolling. As a result, Martin had until August 17, 2004 to file a timely §2254 petition. Martin did not sign his federal petition for writ of habeas corpus until October 25, 2004, two months past the statutory filing deadline. As such, I must dismiss his petition as time barred. See 28 U.S.C. § 2244(d) (2005).

### III. PETITIONER'S FIRST CLAIM WOULD BE DISMISSED IF NOT TIME BARRED.

Martin alleges that the trial court erred in not granting his motion to strike because the witness was inherently incredible. For his federal petition to succeed on a claim adjudicated by a state court on the merits, Martin must show that the state court's decision was contrary to, or an unreasonable application of clearly established federal law. See Williams v. Taylor, 529 U.S. 362, 404 (2000). Martin has not succeeded in overcoming his burden in regards to the decision rendered by the Court of Appeals of Virginia. That court's decision was not contrary to nor an unreasonable application of clearly established federal law and as such Martin's claim would be dismissed even assuming that his petition is not time barred.

## IV. PETITIONER'S SECOND CLAIM IS PROCEDURALLY BARRED.

The Circuit Court of Shenandoah County found Martin's second claim to be procedurally barred, as it was substantive in nature and not raised on direct appeal. Slayton v. Parrigan, 215 Va. 27, 205 S.E.2d 680 (1974). The claim was dismissed by the state court on an independent and adequate state procedural default rule, and as such, it is procedurally barred from federal habeas relief, absent a showing of cause and prejudice or a miscarriage of justice. Reid v. True, 349 F.3d 788, 804-805 (4th Cir. 2003). Martin has not excused his default, even assuming arguendo that his claim was not time barred, it would be dismissed on procedural grounds.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. §2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. §2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, the Court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal, petitioner must file a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondent.

ENTER: This 25-th day of August, 2005.

Senior United States District Judge

4